## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **PEGGY STULTS and CAROLYN KYLE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-05-S-59-NW** |
| | ) | |
| **ADVANCE ALABAMA/CHECK, L.L.C., d/b/a/ ALABAMA PAYDAY AND TITLE LOANS,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Peggy Stults and Carolyn Kyle filed this action on January 13, 2005, against their former employer, Advance Alabama/Check L.L.C., d/b/a/ Advance Alabama Payday and Title Loans ("Advance"). Plaintiffs jointly asserted a single claim, under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"). The claim arises out of Advance's termination of plaintiffs' employment, which plaintiffs assert was discriminatory on the basis of their advanced age.[1]

Following discovery, defendant moved for summary judgment, asserting, among other things, that it is not an "employer," as that term is defined by the ADEA,

---

[1] *See* doc. no. 1 (Complaint). Plaintiff Peggy Stults was born on October 16, 1957. Plaintiff Carolyn Kyle was born on December 15, 1947. *Id.* at ¶¶ 3 & 4.

and therefore it is not subject to suit.[2]  Defendant also filed a motion to strike certain

of plaintiffs' evidentiary submissions.[3]  Those motions presently are before the court.

Upon consideration of the motion for summary judgment, the parties' briefs, and the

evidentiary submissions, the court concludes the motion is due to be granted.  The

motion to strike will be denied as moot.

## PART ONE

### *Discussion*

The ADEA makes it "unlawful for an *employer* . . . to fail or refuse to hire or

to discharge any individual or otherwise discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because

of such individual's age."  29 U.S.C. § 623(a)(1) (emphasis supplied).  The ADEA

protects those individuals who "are at least 40 years of age but less than 70 years of

age," 29 U.S.C. § 621(a), but only if their employer meets the following criteria:

> The term "employer" means a person engaged in an industry affecting
> commerce *who has twenty or more employees* for each working day in
> each of twenty or more calendar weeks in the current or preceding
> calendar year . . . .

29 U.S.C. § 630(b) (emphasis supplied).

Chris Franks, the owner of Advance, testified that Advance employs eight

---

[2]Doc. no. 9.

[3]Doc. no. 13.

individuals, including himself, in its five locations throughout Alabama.[4]  He also testified that, "[s]ince its inception in December 2003, Advance Alabama/Check, L.L.C., has never employed twenty (20) or more individuals for each working day in each of twenty or more calendar weeks."[5]

Plaintiffs admit Franks' assertion that Advance has never employed twenty or more individuals since its inception in 2003.[6]  Even so, plaintiffs offer two arguments to rebut the seemingly inescapable conclusion that Advance is not an "employer" subject to suit under the ADEA.  First, plaintiffs assert that Advance waived the right to challenge its status as an "employer," because Advance did not raise that challenge in the administrative proceedings before the Equal Employment Opportunity Commission (the "EEOC"), in its answer to plaintiffs' complaint, or in a motion to dismiss.

The issue of defendant's employment of the threshold number of employees for application of the ADEA is an element of plaintiffs' claim for relief, not an affirmative defense.  *Cf. Arbaugh v. Y & H Corporation,* – U.S. – , 126 S. Ct. 1235,

---

[4]Doc. no. 9 (defendant's motion for summary judgment), Exhibit 1 (Affidavit of Chris Franks), at ¶ 10.  *See also id.,* Exhibit 2 (Deposition of Chris Franks), at 7-8.

[5]Franks Affidavit, at ¶ 11.

[6]*See* doc. no. 10 (plaintiffs' brief in opposition to summary judgment), Section I (plaintiffs' response to defendant's statement of undisputed facts), at #5 (admitting defendant's statement that, "[s]ince its inception in December 2003, Advance Alabama/Check, L.L.C., has never employed twenty (20) or more individuals for each working day in each of twenty or more calendar weeks").

1245 (2006) (holding that the "threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue");[7] *In re Rawson Food Service, Inc.,* 846 F.3d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). The argument that a plaintiff has failed to meet her burden of proof on that element is not waived by a defendant's failure to raise it in an administrative proceeding, answer, or motion to dismiss. *See* Fed. R. Civ. P. 8(c); Fed. R. Civ. P. 12(h)(1). Rather, it may be raised at any time up to, and including, a trial on the merits. *See* Fed. R. Civ. P. 12(h)(2) ("A defense of failure to state a claim upon which relief may be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."). Accordingly, defendant has not waived the right to assert that it is not an "employer" subject to suit under the ADEA.

Plaintiffs also argue that a genuine issue of material fact exists with regard to the number of individuals employed by Advance. Both plaintiffs submitted an affidavit stating that Chris Franks told them, in January or February of 2004, that

---

[7]*See Eskra v. Provident Life & Accident Insurance Co.*, 125 F.3d 1406, 1411 (11th Cir. 1997) (holding that, when evaluating discriminatory treatment, the same analysis applies to ADEA cases as to Title VII cases); *Edwards v. Shalala*, 64 F.3d 601, 606 (11th Cir. 1995) ("Title VII is a natural source for borrowing a statute of limitations for age discrimination cases because 'the ADEA and Title VII share a common purpose, the elimination of discrimination in the workplace . . . .'") (citation omitted).

Advance "had approximately 17-20 employees."[8]  Defendant argues the court cannot rely upon this testimony, as it is inadmissible hearsay.[9]  The court disagrees with defendant, and concludes the statements are not hearsay.  When statements are made by the owner of an entity that is a party in an action, concerning matters within the scope of his authority and unique knowledge, the statements are not hearsay when used against that party.  *See* Fed. R. Evid. 801(d)(2)(D) (providing that "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," is "not hearsay.").  Here, Franks' statement about the number of individuals employed by Advance is being used *against* Advance.  Further, there can be no dispute that knowing the number of Advance's employees is within the scope of Franks' employment, because Advance offered Franks' testimony to show that it does not possess the requisite number of employees to fall under the coverage of the ADEA.

Despite the admissibility of these statements, however, the court concludes that plaintiffs' affidavit testimony does not create a genuine issue of material fact with regard to the number of Advance's employees.  Stults and Kyle merely testified that Franks told them Advance "had *approximately 17-20* employees."  This evidence

---

[8]Doc. no. 10 (plaintiffs' submission in response to summary judgment), Exhibit 10 (Affidavit of Peggy Stults), at ¶ 9; Exhibit 11 (Affidavit of Carolyn Kyle), at ¶ 8.

[9]Defendant also moved to strike this testimony as inadmissible hearsay.  *See* doc. no. 13.

does not establish that Advance "has *twenty or more* employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 29 U.S.C. § 630(b) (emphasis supplied). In contrast, Franks' affidavit testimony *does* unequivocally establish that Advance "has never employed twenty (20) or more individuals for each working day in each of twenty or more calendar weeks." As such, plaintiffs cannot show that Advance is an "employer" subject to suit under the ADEA.[10]

## PART TWO

### *Conclusion and Orders*

In accordance with the foregoing, defendant's motion for summary judgment is GRANTED. Defendant's motion to strike is DENIED as moot. All claims asserted by plaintiffs herein are DISMISSED with prejudice. Costs are taxed to plaintiffs, and the clerk is directed to close this file.

DONE this 29th day of September, 2006.

_____
United States District Judge

---

[10]As defendant is not an "employer" subject to suit under the ADEA, and summary judgment is due to be granted on that ground alone, the court need not address defendant's other arguments in favor of entering summary judgment.